# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE STEVEN WEINER, | Case No. CV 17-8315-JEM |
| Petitioner, | |
| v. | MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| FELICIA PONCE, Warden, | |
| Respondent. | |

## PROCEEDINGS

On November 14, 2017, Bruce Steven Weiner ("Petitioner"), a federal prisoner in the custody of the Federal Bureau of Prisons ("BOP"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition" or "Pet."). On January 30, 2018, Respondent filed an Answer to the Petition. On February 26, 2018, Petitioner filed a Reply.

The matter is now ready for decision. For the reasons set forth below, the Court finds that the Petition should be denied.

## BACKGROUND

I. **Petitioner's Conviction and Sentence**

On May 21, 2015, Petitioner pled guilty to Receipt of Child Pornography, in violation of 18 U.S.C. §§ 22529(a)(2)(A) and 2252(b)(1). United States v. Weiner, Case No. CR 12-

0568-JAK, Dkt. 62. Petitioner was later sentenced to a term of 66 months in prison and taken into BOP custody. Id. at Dkt. 74.

## II. The BOP's Residential Drug Abuse Program Under 18 U.S.C. § 3621(e)

In 1990, Congress amended 18 U.S.C. § 3621(b) and directed the BOP to make substance abuse treatment available for inmates with substance abuse issues. 18 U.S.C. § 3621(b). This led to the creation of the Residential Drug Abuse Program ("RDAP"). The BOP offers the RDAP to inmates who volunteer for treatment and have been determined by clinical staff to have a diagnosable and verifiable substance abuse disorder. In 1994, Congress amended the statute to provide that a prisoner "convicted of a nonviolent offense" may receive up to a twelve-month early release for successfully completing the RDAP. 18 U.S.C. § 3621(e)(2)(B). To successfully complete the RDAP, inmates must complete three components: a unit-based residential treatment component, follow-up services, and a transitional drug abuse treatment component. See 28 C.F.R. § 550.53; BOP Program Statement ("P.S.") 5330.11.

In order to determine eligibility for early release, the Drug Abuse Program Coordinator requests an offense review from the BOP's Designation and Sentence Computation Center ("DSCC") legal staff after determining whether the inmate qualifies for participation in the RDAP. P.S. 5331.02.

## III. Petitioner's Participation in the RDAP

Petitioner is presently incarcerated at the Federal Correctional Institution in Terminal Island, California ("FCI-TI"). (Pet. at 1.) His projected release date is March 21, 2019. (See https://www.bop.gov/inmateloc/.)

While housed at FCI-TI, the legal staff at the DSSC evaluated Petitioner's criminal history to determine whether his current or prior offenses precluded his eligibility for early release under 18 U.S.C. § 3621(e). (Declaration of Lucia Pujol ("Pujol Decl.") ¶ 4.) On November 25, 2016, DSSC legal staff determined that Petitioner's convictions did not preclude him from early release pursuant to 18 U.S.C. § 3621(e)(2)(B). (Pujol Decl. ¶ 4 & Ex. A.)

Again, there are three components to the RDAP: "unit-based, follow-up services and transitional drug abuse treatment." (Pujol Decl. ¶ 6.) Petitioner participated in the unit-based component of the RDAP from August 31, 2016, through June 9, 2017. (Pujol Decl. ¶ 5(a).) Petitioner is presently participating in follow-up services at FCI-TI. (Pujol Decl. ¶ 5(b).) Petitioner, however, will not finish the RDAP until he has completed at least 120 days in the transitional drug abuse treatment ("TDAT") component, which can only be done at a residential reentry center ("RRC"). (Pujol Decl. ¶ 6.) See also 28 C.F.R. §§ 550.53(a)(1)-(3) an 550.56; BOP Program Statement 5330.11, Psychology Treatment Programs, Ch. 2, pp. 8 and 23, available at https://www.bop.gov/policy/progstat/5330_011.pdf.

Although Petitioner's criminal history does not preclude him from being eligible for early release consideration, it does affect the BOP's ability to place him in a RRC. (Declaration of La Tanya Robinson ("Robinson Decl.") ¶ 5.) Specifically, RRCs in the Central and Southern Districts of California are subject to the local zoning rules and conditional use permits issued by local authorities. (Id. ¶¶ 4-5.) Those rules bar most of the RRCs in the Central and Southern Districts of California from housing inmates with criminal histories like Petitioner's. (Id.) Due to the restraints associated with his criminal conviction and his residency, Petitioner was only eligible for placement at two RRCs in the Central and Southern Districts of California. (Id. ¶¶ 5-6.) Both RRCs rejected Petitioner for placement in their facilities. (Id. ¶ 6.)

One of FCI-TI's Drug Abuse Program Coordinators, Laurie Schoellkopf, informed Petitioner that he would not be able to complete the RDAP without participating in the TDAT component, which can only be done at a RRC. (Pujol Decl. ¶ 8.) Ms. Schoellkopf also informed Petitioner that his early release was conditional on his completion of all three phases of the RDAP. (Id.)

## IV. Petitioner's Administrative Remedy Submissions

Petitioner has not filed any administrative grievances regarding his RRC placement during his incarceration. (Pujol Decl. ¶ 9.)

V.  **Petitioner's 2241 Petition**

Petitioner filed this action under 28 U.S.C. § 2241 on November 14, 2017. He seeks to have the Court order "Respondent to reinstate his previously one year RDAP sentence reduction, and also to provide Petitioner release to home confinement as described above and under the circumstances of this case immediately." (Pet. at 6.)

**DISCUSSION**

Petitioner argues that he has been unlawfully denied a one-year sentence reduction by the BOP after he completed the RDAP. According to Petitioner, after completing the RDAP, he did not receive a sentencing reduction because halfway house bed space could not be located for him. (Pet. at 2.) Petitioner alleges that because of the BOP's inability to place him in a halfway house, the BOP rescinded his one-year sentence reduction. (Id.)

Petitioner's arguments are legally and factually without merit, and the Petition should be denied.

I.  **Petitioner Never Received a One-Year Sentence Reduction**

Petitioner could not have completed the RDAP because he has not finished all three required phases of the program, which are: "the unit-based, follow up services and transitional drug abuse treatment." (Pujol Decl. ¶ 6.) see also 28 C.F.R. § 550.53(a)(1)-(3). Petitioner has only completed the first component and is working on the second. (Pujol Decl. ¶ 5.) Petitioner has not completed the RDAP and never received a one-year sentence reduction. Thus, Petitioner's arguments are based on factual errors and his claims are without merit.

II. **The Court Lacks Subject Matter Jurisdiction to Review Discretionary Determinations by the BOP Regarding Administration of the RDAP and RRC Placement**

To the extent Petitioner challenges the BOP's determination not to award him a one-year sentence reduction for his partial participation in the RDAP or its failure to transfer him to a RRC as part of that program, the Court lacks subject matter jurisdiction to address the merits of this claim in the context of a § 2241 petition.

In Reeb v. Thomas, 636 F.3d 1224 (9th Cir. 2011), a federal prisoner filed a habeas petition under 28 U.S.C. § 2241 alleging that the BOP had abused its discretion by expelling him from the RDAP. 636 F.3d at 1226. The petitioner sought readmission to the program, along with a one-year reduction in his sentence upon his successful completion of the program. Id. The Ninth Circuit held that federal courts lack subject matter jurisdiction under 18 U.S.C. § 3625 to review "'any determination, decision, or order' made pursuant to 18 U.S.C. §§ 3621-3624," including "any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program." Id. at 1227. The Ninth Circuit stated that allowing prisoners to "bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625" and, therefore, "federal courts lack jurisdiction to review the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621." Id. at 1227, 1228.

Accordingly, to the extent that Petitioner is challenging the BOP's failure to transfer him to an RRC or the decision whether to grant him a sentence reduction for completing the RDAP, the Court lacks jurisdiction to hear this claim under Reeb.[1]

### III.    **Petitioner Has Not Exhausted His Administrative Remedies**

Even if Petitioner were able to seek review of the BOP's decision not to grant him a one-year sentence reduction for completing the RDAP, the Petition should be denied because he has failed to exhaust his administrative remedies. In order to exhaust administrative remedies within the BOP, an inmate must proceed through several levels of appeal: (1) informal resolution (Form BP-8); (2) a formal written administrative remedy

---

[1] Under Reeb, "judicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority[.]" Id. at 1228. Here, Petitioner asserts that the BOP's decision not to grant him a one-year sentence reduction "is a violation of his fundamental constitutional protections under the Due Process Clause of the Fifth and/or Fourteenth Amendments." (Pet. at 1.) Petitioner also argues that other similarly situated inmates who have completed the residential phase of the program have been released to an RRC or home confinement. (Reply at 3-4.) These allegations are conclusory and wholly insufficient to state a due process or equal protection claim. Petitioner has failed to establish that judicial review remains available to him.

request to the Warden of the facility of incarceration (Form BP-9); (3) appeal to the Regional Director (Form BP-10); and (4) appeal to the General Counsel (Form BP-11). See 28 C.F.R. §§ 542.13-542.15. A final decision on the merits of the claim from the General Counsel (at the BP-11 level) completes the BOP Administrative Remedy Program. Id. § 542.15(a). The administrative remedy process is not complete until the Office of the General Counsel replies to the inmate's BP-11, or upon the expiration of the time allotted for reply. Id. § 542.18.

As Petitioner admits, he has not exhausted the administrative remedy process regarding his request for RRC placement or early release. (Reply at 5; see also Pujol Decl. ¶ 9.) In fact, Petitioner has not filed any administrative claims during his incarceration. (Pujol Decl. ¶ 9.) Accordingly, the Petition is also subject to denial for failure to exhaust administrative remedies. See Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) ("[C]ourts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241."); see also Reeb, 636 F.3d at 1227 ("The BOP's Administrative Remedy Program, set forth at 28 C.F.R. § 542.10-19, provides a vehicle for aggrieved inmates to challenge such discretionary BOP determinations.").

**ORDER**

IT IS HEREBY ORDERED that (1) the Petition is denied; and (2) Judgment shall be entered dismissing this action with prejudice.

DATED: June 13, 2018     */s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE